**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 7, 2011
Decided July 28, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 10-2895 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 08 CR 198 |
| *v.* | |
| | **Wayne R. Andersen**, *Judge*. |
| CINDY C. RAGO, *Defendant-Appellant*. | |

**O R D E R**

Cindy Rago was charged with two counts of making false statements on a tax return. Before her trial, Rago moved to dismiss the indictment with prejudice, claiming that she was deprived of her rights under the Speedy Trial Act, 18 U.S.C. § 3161. The court denied the motion, and Rago now appeals. Because there was no violation of the Speedy Trial Act, we affirm.

I.

In tax years 1999 and 2000, Cindy Rago submitted fraudulent tax returns for refunds totaling $117,110. She was eventually charged with two counts of making false statements on a tax return. Her case went to a jury, and she was found guilty of both counts.

Before trial, Rago moved to dismiss the indictment with prejudice, arguing that four periods of time between her arraignment and trial totaling 136 days had been improperly excluded in violation of the Speedy Trial Act. The district court denied the motion—and this constitutes the only issue before us on appeal.

The Speedy Trial Act requires that a criminal defendant's trial begin within 70 days of the defendant's initial appearance or indictment; however, certain periods of time can be excluded from the counting. 18 U.S.C. § 3161(c)(1), (h); *United States v. Hills*, 618 F.3d 619, 625-26 (7th Cir. 2010). In particular, a court can grant a continuance and exclude time if it finds "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Rago contests four periods of time between her arraignment and trial that the district court ruled were excluded under this ends-of-justice provision.

First, Rago claims that the district court erred by excluding five days from June 14, 2008 to June 18, 2008. At Rago's arraignment on May 22, 2008, the court set the next status hearing for June 19, and the government requested to have the intervening time excluded; the reason given by the government was for the pendency of pre-trial motions. Rago's counsel had no objection to the exclusion, and the court granted it. Because a pretrial motion was resolved on June 13, Rago argues that the remaining days before the June 19 hearing shouldn't have been excluded.

A second contested time period is a 63-day period from October 10, 2008 to December 11, 2008. This exclusion was made by the court on October 9, 2008, at a hearing with both Rago and her counsel present. On that occasion, the parties told the district court that more time was needed for plea negotiations. The court then reset the status hearing for approximately two months in order to accommodate the parties. At the hearing, Rago's counsel agreed to this continuance on the record.

Rago's final two challenges involve two 34-day periods from August 1, 2008 to September 3, 2008, and from January 23, 2009 to February 25, 2009. Though it is unclear from the record, apparently both of these continuances were requested by the parties over the telephone without them making a formal appearance or motion before the court. In both instances, the court issued a minute entry on its docket sheet, stating that the time was

being excluded under the Speedy Trial Act; and in both instances, neither Rago nor her counsel objected to the exclusion when it was first announced.  Later, at the court's hearing on the motion to dismiss, defense counsel conceded that although he couldn't remember specifically what had happened at the time of the continuance requests, it was probable that he had indicated to the prosecutor that he needed more time.  Defense counsel also admitted that the additional time given by the continuances would have accommodated his ability to prepare Rago's case.

Following the filing of Rago's motion to dismiss the indictment, the district court conducted a hearing on the motion's merits on December 10, 2009.  At the hearing, and then in a written order, the court explained its factual findings that justified excluding all four time periods under the ends-of-justice provision.  Rago appeals this ruling.

II.

"In reviewing the district court's Speedy Trial Act ruling, we examine its legal conclusions de novo and its factual findings for clear error."  *United States v. Adams*, 625 F.3d 371, 377 (7th Cir. 2010).  As we mentioned above, a court can grant a continuance and exclude time under the Act if it finds "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  "Absent legal error, our review of the excludability of such continuances is deferential."  *Adams*, 625 F.3d at 377.

 Based on the record, we conclude that the reasons articulated by the district court are adequate to support its ruling that the four continuances served the ends of justice.  For the first exclusion, the district court stated that the time was necessary for the defense counsel to examine newly produced discovery and to determine how to proceed with Rago's case.  For the second exclusion—the 63-day continuance granted during a hearing with the parties—the court's reason for the exclusion was that it allowed for adequate time for plea negotiations.  These are sufficient reasons that serve the ends of justice and outweigh the public's and Rago's interests in a speedy trial.  Moreover, in both instances, Rago's counsel agreed to the continuance when the court first granted them.

For the remaining two exclusions—the continuances apparently requested by the parties over the telephone—the district court stated that these continuances were necessary to allow defense counsel more time to review discovery and adequately prepare Rago's case.  Rago's counsel admitted as much at the hearing when the court considered the

motion's merits.  This is a sufficient reason supporting the court's finding that the ends of justice were served by the exclusions.

Rago's argument on appeal is not that the reasons themselves for the exclusions were improper, but that the district court improperly justified the exclusions after the fact—in other words, that it was improper for the court to retroactively justify an exclusion as serving the ends of justice.

Rago's argument is misplaced because a court does not need to articulate its findings justifying an ends-of-justice exclusion "contemporaneously with the exclusion." *Hills*, 618 F.3d at 628.  Instead, "it must do so by the time it rules on a defendant's motion to dismiss." *Id.*  That is what happened here: although the district court did not fully articulate its findings justifying a Speedy Trial Act exclusion at the time the exclusion was made, the district court did have justification for the exclusion when it was first made—and specifically articulating these findings later when Rago made her motion to dismiss does not violate the Act.  The court committed no error, and therefore there was no violation of Rago's rights under the Speedy Trial Act.  We AFFIRM.